# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF LOUISIANA
# LAFAYETTE DIVISION

| | | |
|---|---|---|
| In re: | § § | |
| LINDER OIL COMPANY, A PARTNERSHIP, | § § | Case No. 17-51323 |
| Debtor. | § § | Chapter 7 |
| | | |
| LUCY G. SIKES, CHAPTER 7 TRUSTEE and THE CADLE COMPANY, II, INC., | § § § § | |
| Plaintiffs, | § § | |
| v. | § § | Adversary No. 19-05093 |
| ISLAND OPERATING COMPANY, INC., | § § § | |
| Defendant. | § § | |

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES

Island Operating Company, Inc. ("Defendant"), by and through its undersigned counsel, hereby files this Answer and Affirmative Defenses ("Answer") to the Complaint [Dkt. No. 1] (the "Complaint") filed by Lucy G. Sikes, as Chapter 7 Trustee (the "Trustee") for Linder Oil Company, A Partnership (the "Debtor"), and The Cadle Company, Inc. ("Cadle," and together with the Trustee, "Plaintiffs"). Defendant respectfully states as follows:

## RESPONSES TO ALLEGATIONS IN THE COMPLAINT

### Jurisdiction and Venue

1. The allegations contained in paragraph 1 of the Complaint contain legal conclusions and therefore do not require a response herein. However, Defendant does not dispute this Court's jurisdiction over this adversary proceeding.

2. The allegations contained in paragraph 2 of the Complaint contain legal conclusions and therefore do not require a response herein. However, Defendant does not dispute the venue.

3. The allegations contained in paragraph 3 of the Complaint contain legal conclusions and therefore do not require a response herein. However, Defendant does not dispute that this adversary proceeding is a "core" proceeding.

## Parties

4. Defendant admits the allegations in paragraph 4 of the Complaint.

5. Defendant admits the allegations in paragraph 5 of the Complaint.

6. Defendant admits the allegations in paragraph 6 of the Complaint.

## Facts

7. Defendant is without sufficient information and knowledge to admit or deny the allegations set forth in paragraph 7 of the Complaint, and therefore denies the same and leaves Plaintiffs to their proof.

8. Defendant is without sufficient information and knowledge to admit or deny the allegations set forth in paragraph 8 of the Complaint, and therefore denies the same and leaves Plaintiffs to their proof.

9. Defendant is without sufficient information and knowledge to admit or deny the allegations set forth in paragraph 9 of the Complaint, and therefore denies the same and leaves Plaintiffs to their proof.

10. Defendant admits the allegations in the first sentence of paragraph 10. Defendant is without sufficient information and knowledge to admit or deny the allegations set forth in the remainder of paragraph 10 of the Complaint, and therefore denies the same and leaves Plaintiffs to their proof.

11. The allegations in paragraph 11 are the Plaintiffs' interpretation of orders entered by this Court. The terms of the orders speak for themselves and therefore do not require a response herein.

12. Defendant admits the allegations contained in the first two sentences of paragraph 12 of the Complaint and adds that such transfers were made by Debtor to Defendant on account of antecedent debt owed by Debtor to Defendant. Defendant is without sufficient information and knowledge to admit or deny the allegations set forth in the remainder of paragraph 12 of the Complaint, and therefore denies the same and leaves Plaintiffs to their proof.

13. The allegations contained in paragraph 13 of the complaint are legal conclusions and therefore do not require a response herein.

## COUNT ONE: AVOIDANCE OF PREFERENTIAL TRANSFERS

14. Defendant admits that Debtor made transfers to Defendant prior to the Petition Date. Defendant is without sufficient information and knowledge to admit or deny the remaining allegations set forth in paragraph 14 of the Complaint, and therefore denies the same and leaves Plaintiffs to their proof.

15. Defendant is without sufficient information and knowledge to admit or deny any allegations related the Plaintiff's level of diligence or analysis undertaken prior to filing this Complaint, and therefore denies the allegations related to the Plaintiff's level of diligence or analysis and leaves Plaintiffs to their proof. Defendant acknowledges that Plaintiffs is attempting to avoid all transfers "whether specifically identified [in the Complaint] or not[,]" however, Defendant denies that Plaintiff has the legal authority to prosecute a claim without identifying the relevant facts as this would deprive Defendant of its due process rights.

16. Defendant admits that Debtor made the transfer set forth on Exhibit A to the Complaint.

17. The first sentence of paragraph 17 is speculation about what future discovery may reveal and therefore does not require a response herein. Defendant acknowledges that Plaintiffs may desire to amend or supplement their Complaint and may desire to have such amendments or supplements "relate back" to the original Complaint; however, Defendant denies such statements to the extent they are inconsistent with applicable law.

18. Defendant admits the allegations in paragraph 18.

19. Defendant admits the allegations in paragraph 19.

20. Defendant is without sufficient information and knowledge to admit or deny the allegations set forth in paragraph 20 of the Complaint, and therefore denies the same and leaves Plaintiffs to their proof.

21. The allegations contained in paragraph 21 of the Complaint contain legal conclusions and therefore do not require a response herein. However, Defendant denies the Plaintiffs are entitled to any relief.

## COUNT TWO: CONVERSION

22. Defendant is without sufficient information and knowledge to admit or deny the allegations set forth in paragraph 22 of the Complaint, and therefore denies the same and leaves Plaintiffs to their proof.

23. Defendant denies the allegations contained in paragraph 23 of the Complaint.

24. Defendant denies the allegations contained in paragraph 24 of the Complaint.

25. Defendant denies the allegations contained in paragraph 25 of the Complaint.

## COUNT THREE: ACTUAL FRAUDULENT TRANSFER

26. Defendant admits the allegations contained in paragraph 26 of the Complaint.

27. Defendant denies the allegations contained in paragraph 27 of the Complaint.

28. Defendant denies the allegations contained in paragraph 28 of the Complaint.

29. Defendant is without sufficient information and knowledge to admit or deny the allegations set forth in paragraph 29 of the Complaint, and therefore denies the same and leaves Plaintiffs to their proof.

30. Defendant admits that the transfer at issue was made with property of Debtor. Defendant is without sufficient information and knowledge to know whether such property was subject to "creditor collection" and therefore denies the same and leaves Plaintiffs to their proof.

31. Defendant is without sufficient information and knowledge to admit or deny the allegations set forth in paragraph 31 of the Complaint and therefore denies the same and leaves Plaintiffs to their proof.

32. The allegations contained in paragraph 32 of the Complaint contain legal conclusions and therefore do not require a response herein. However, Defendant denies the Plaintiffs are entitled to any relief.

## COUNT FOUR: CONSTRUCTIVE FRAUDULENT TRANSFER

33. Defendant admits the allegations contained in paragraph 33 of the Complaint.

34. Defendant denies the allegations contained in paragraph 34 of the Complaint.

35. Defendant is without sufficient information and knowledge to admit or deny the allegations set forth in paragraph 35 of the Complaint and therefore denies the same and leaves Plaintiffs to their proof.

36. The allegations contained in paragraph 36 of the Complaint contain legal conclusions and therefore do not require a response herein. However, Defendant denies the Plaintiffs are entitled to any relief.

## COUNT FIVE: REVOCATORY ACTION

37. The first sentence of paragraph 37 of the Complaint is Plaintiffs' interpretation of Section 544 of the Bankruptcy Code. Section 544 of the Bankruptcy Code speaks for itself and therefore does not require a response herein. Defendant denies that Plaintiffs are entitled to any relief under section 2036 of the Louisiana Civil Code.

38. Defendant admits the recitation of section 2036 of the Louisiana Civil Code as set forth in paragraph 38 of the Complaint.

39. Defendant denies the allegations contained in paragraph 39 of the Complaint.

40. Defendant denies the allegations contained in first sentence of paragraph 40 of the Complaint. Defendant is without sufficient information and knowledge to admit or deny the remaining allegations set forth in paragraph 40 of the Complaint and therefore denies the same and leaves Plaintiffs to their proof.

41. The allegations contained in paragraph 41 of the Complaint contain legal conclusions and therefore do not require a response herein. However, Defendant denies the Plaintiffs are entitled to any relief.

## COUNT SIX: RECOVERY OF POST-PETITION TRANSFERS

42. The allegations contained in paragraph 42 of the Complaint are Plaintiff's interpretation of Section 549 of the Bankruptcy Code. Section 549 of the Bankruptcy Code speaks for itself and therefore does not require a response herein. Defendant denies that Plaintiffs are entitled to any relief under Section 549 of the Bankruptcy Code.

43. Defendant acknowledges that Plaintiffs may desire to amend or supplement their Complaint; however, Defendant denies such statements to the extent they are inconsistent with applicable law.

## COUNT SEVEN: RECOVERY OF AVOIDED TRANSFERS

44. Defendant admits that Defendant was the initial transferee of the transfer.

45. The allegations contained in paragraph 45 of the Complaint contain legal conclusions and therefore do not require a response herein. However, Defendant denies the Plaintiffs are entitled to any relief.

## COUNT EIGHT: DISALLOWANCE OF ALL CLAIMS

46. Defendant denies the allegations contained in paragraph 46 of the Complaint.

47. Defendant denies the transfer is an avoidable transfer. Defendant denies that Plaintiffs are entitled to any relief.

48. The allegations contained in paragraph 48 of the Complaint contain legal conclusions and therefore do not require a response herein. However, Defendant denies the Plaintiffs are entitled to any relief.

49. The allegations contained in paragraph 49 of the Complaint contain legal conclusions and therefore do not require a response herein. However, Defendant denies the Plaintiffs are entitled to any relief.

## Prayer

50. Subparagraphs (i) through (viii) of the prayer for relief state the relief sought by Plaintiffs for which no answer is required. To the extent an answer is required, Defendant denies that Plaintiffs are entitled to any relief.

## AFFIRMATIVE DEFENSES

51. Defendant alleges the following affirmative defenses to the causes of action alleged by Plaintiff in the Complaint. By designating the following as affirmative defenses, Defendant does not admit any of the allegations in Plaintiff's claims, or waive or limit any defenses which are or may be raised by its denials, allegations and averments set forth herein. Defendant has insufficient knowledge or information upon which it can form a belief as to whether it may have additional, as yet unknown and unstated, affirmative defenses. Defendant reserves the right to amend its answer to assert such additional affirmative defenses in the event that discovery indicates that additional affirmative defenses are appropriate.

### First Affirmative Defense

52. The transfer set forth in the Complaint is not avoidable pursuant to section 547(c)(2)(A) of the Bankruptcy Code because the transfer was in payment of debts incurred in the ordinary course of business and financial affairs of Debtor and Defendant.

### Second Affirmative Defense

53. The transfers set forth in the Complaint is not avoidable pursuant to section 547(c)(2)(B) of the Bankruptcy Code because the alleged transfer was made according to ordinary business terms pursuant to section 547(c)(2)(B) of the Bankruptcy Code.

### Third Affirmative Defense

54. The transfer set forth in the Complaint are not avoidable pursuant to section 547(c)(4) of the Bankruptcy Code because after such alleged transfers Defendant gave new value for the benefit of Debtor not secured by an otherwise unavoidable security interest and on account of which new value the debtor did not make an otherwise unavoidable transfer to or for the benefit of such creditor.

### Fourth Affirmative Defense

55. The alleged transfers set forth in the Complaint are not avoidable because Defendant maintained rights to perfect oil and gas liens under sections 362 and 546(b) of the Bankruptcy Code which would not otherwise have been avoidable, and thus, Defendant did not obtain from Debtor any greater interest than it would otherwise have realized pursuant to section 547(b)(5) of the Bankruptcy Code.

### Fifth Affirmative Defense

56. The Trustee did not conduct "reasonable due diligence in the circumstances of the case and taking into account a party's known or reasonably knowable affirmative defenses" as required under section 547(b) of the Bankruptcy Code as even the most basic diligence would have uncovered Defendant's foregoing affirmative defenses.

### Sixth Affirmative Defense

57. Plaintiffs have failed to state a claim upon which relief can be granted for it conversion claim as it has not connected any facts with the legal conclusion that Defendant "wrongfully" exercised and assumed authority of Cadle's Collateral.

### Seventh Affirmative Defense

58. Defendant did not wrongfully exercise and assume authority over Cadle's Collateral because Island Operating received a lawful payment from Linder on account of antecedent claim against Linder.

### Eighth Affirmative Defense

59. Defendant applied the transfers such transfers in good faith on account of its antecedent claims against Lender.

### Ninth Affirmative Defense

60. Plaintiff Cadle consented, expressly or implicitly, to Linder's use of Collateral to pay its trade creditors including Defendant and therefore cannot have a claim for conversion.

### Tenth Affirmative Defense

61. Plaintiffs' claims against Defendant are barred, in whole or in part, by the doctrine of unjust enrichment.

### Eleventh Affirmative Defense

62. The transfers made to Defendant did not cause or increase Debtor's insolvency because the transfers were made on account of an antecedent debt of Debtor and therefore the transfer of property directly reduced Debtor's debt by the same amount having no net effect on Debtor's alleged insolvency.

### Twelfth Affirmative Defense

63. Plaintiffs have failed to state a claim upon which relief can be granted for it claim under Section 549 of the Bankruptcy Code because it has not connected any facts with the the allegation that there were post-petition transfers from Debtor to Defendant.

### Reservation of Rights

64. Defendant reserves the right to supplement the foregoing and assert additional affirmative defenses after discovery of additional information concerning the matters set forth in the Complaint.

65. Defendant further reserves its right to move to withdraw the reference to the United States Bankruptcy Court for the Western District of Louisiana.

**Jury Demand**

66. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, as applicable through Rule 9015 of the Federal Rules of Bankruptcy Procedures, Defendant hereby demands a jury trial on all issues so triable.

**CONCLUSION**

WHEREFORE, Defendant, Island Operating Company, prays that that this Court enter an order that Plaintiffs take nothing and awarding Island Operating Company costs and grant any other relief to which it may be justly entitled.

Respectfully submitted this 30th day of March 2020.

| | |
|---|---|
| LUGENBUHL, WHEATON, PECK, RANKIN & HUBBARD | */s/ Benjamin W. Kadden* <br> BENJAMIN W. KADDEN, T.A. (LA #29927) <br> 601 Poydras Street, Suite 2775 <br> New Orleans, LA 70130 <br> Telephone: (504) 568-1990 <br> Facsimile: (504) 310-9195 <br> E-mail: bkadden@lawla.com; <br> jthurman@lawla.com |

- and -

DIAMOND McCARTHY LLP
Charles M. Rubio, Admitted Pro Hac Vice
295 Madison Ave., 27thFl.
New York, NY 10017
Tel: (212) 430-5400
Email: crubio@diamondmccarthy.com

*Counsel to Island Operating Company, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on March 30, 2020, I filed the foregoing electronically with the Clerk of the Court, which will serve all parties who have appeared in this matter via the Court's CM/ECF system.

*Benjamin W. Kadden*

DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES    Page 11 of 11

19-05093 - #11  File 03/30/20  Enter 03/30/20 11:41:20  Main Document  Pg 11 of 11